UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KING E. GREEN,

    Plaintiff,

Case No. 2:04-CV-216

v.

Hon. Richard Alan Enslen

PATRICIA L. CARUSO, *et al.*,

**ORDER**

    Defendants.

_____/

    This matter is before the Court regarding Plaintiff King E. Green's Appeal of United States Magistrate Judge Timothy P. Greeley's Order of March 24, 2005 (denying discovery) and his Objections to Magistrate Judge Greeley's Report and Recommendation of April 12, 2005 (recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b)). Discovery orders are reviewed to determine whether they are "clearly erroneous or contrary to law." Dispositive orders are reviewed *de novo*.

    Upon review of the Order of March 24, 2005, it was proper to deny discovery. The potential for qualified immunity in this suit is such that the Magistrate Judge acted within his discretion in denying discovery pending briefing on the qualified immunity issue. *See Anderson v. Creighton,* 483 U.S. 635, 646 (1987); *Wallin v. Norman,* 317 F.3d 558, 563 (6th Cir. 2003); *Skousen v. Brighton High Sch.,* 305 F.3d 520, 527 (6th Cir. 2002).

    Regarding the Report and Recommendation of April 12, 2005, the Magistrate Judge has recommended the drastic remedy of dismissal due to non-compliance with a prior scheduling order. Under the case law of this Circuit, the Court must analyze four factors in assessing an involuntary

dismissal under Rule 41. These factors include: (1) whether the dismissed party's misconduct was due to wilfulness, bad faith or fault; (2) whether the adversary was prejudiced by the conduct; (3) whether the dismissed party was warned; and (4) whether a less drastic sanction was imposed or considered. *Knoll v. American Tel. & Tel.,* 176 F.3d 359 (6th Cir. 1999) (citing *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 615 (6th Cir. 1998)).

Overall, these factors do not recommend dismissal. First of all, one cannot surmise from the present record that Plaintiff's untimeliness was due to fault or bad faith. Plaintiff is a prisoner and, according to his filings, has had difficulties complying with orders at times due to a "mental relapse" and "placement in an observation cell." (Dkt. No. 45, at 2.) Even aside from fault, it does not appear that Defendants will be prejudiced greatly by a delayed resolution of their dismissal motion. Less drastic sanctions were also not sufficiently considered in connection with the recommended dismissal. As such, the Court finds that the weight of these four factors does not favor the sanction recommended.

In addition, the Court is troubled by the recommendation because one day before the Report and Recommendation was issued, Plaintiff did file two responses to the Motion to Dismiss (Dkt. Nos. 38 & 39), which were not discussed as part of the one-page Report and Recommendation. Under those circumstances, it would appear to be most consistent with the liberal policy of the Federal Rules of Civil Procedure that the Magistrate Judge examine the responses and determine the sufficiency of the Motion to Dismiss on its merits after the completion of briefing. Further delay need not be tolerated in making this analysis.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff King E. Green's Objection to the Order of March 20, 2005 (Dkt. No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Report and Recommendation of April 12, 2005 (Dkt. No. 45) is **GRANTED** and the Report and Recommendation (Dkt. No. 37) is **REJECTED** pending further determination by the Magistrate Judge of Defendants' Motion to Dismiss on its merits.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 17, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |