UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KING E. GREEN,

    Plaintiff,

Case No. 2:04-CV-216

v.

Hon. Richard Alan Enslen

PATRICIA L. CARUSO, *et al.*,

**ORDER**

    Defendants.

_____/

    Plaintiff E. Green has appealed United States Magistrate Judge Timothy P. Greeley's Order of April 29, 2005 denying appointment of counsel. Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is limited to whether the orders are "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).

    Upon review, the Court has no such conviction here. The Order appealed from properly denied appointment of counsel in accordance with the decision in *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). This was done in consideration of the fact that Plaintiff's filings–including his appeal–indicate that he has a present ability to prosecute his suit without the help of counsel. While Plaintiff has indicated that he suffers from schizophrenia and requires medication, this impairment has not, in the Court's judgment, prevented him from making effective filings. The

Magistrate Judge's Order also appreciates that, while Plaintiff's suit (which is a First Amendment suit pertaining to the denial of reading/class materials) may have some level of merit, it is not a complex suit and is not one in which, considering the other civil rights suits and circumstances which regularly present themselves to the District Court, the rare commodity of volunteer counsel should be used.[1]  *See Johnson v. Daley*, 339 F.3d 582, 593 (7th Cir. 2003) (describing system of appointments in prisoner civil rights cases).  Said Order was not "clearly erroneous or contrary to law."

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff King E. Green's Motion for Appointment of Counsel (Dkt. No. 47) is **DENIED** and the Order of April 29, 2005 (Dkt. No. 44) is **AFFIRMED**.

DATED in Kalamazoo, MI:
June 3, 2005

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE

---

[1] Since the United States Supreme Court's decision in *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989), section 1983 appointments may be made only upon the consent of the appointed attorney.  This system, given the business demands placed upon attorneys in the marketplace, makes volunteer attorneys a very limited commodity, one which the district courts must use selectively.