UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KING E. GREEN,

    Plaintiff,

Case No. 2:04-CV-216

v.

Hon. Richard Alan Enslen

PATRICIA L. CARUSO and
LINDA METRISH,

**ORDER AND
PARTIAL JUDGMENT**

    Defendants.
_____/

This matter is before the Court on Plaintiff King E. Green's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of August 2, 2005. It is also before the Court on Defendant Linda Metrish's Objections to the Report.[1] The Court now reviews the Report, all Objections and all pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636.

Upon such review, the Court determines that the Objections should be denied and the Report adopted for the reasons persuasively explained by the Magistrate Judge. Plaintiff's Objections are minor in substance. Plaintiff agrees in major part with the Report, but makes three arguments for alternative and different rulings. The first such argument is that his "official capacity" claim against Defendant Caruso should not have been dismissed because he seeks injunctive relief against her for the purpose of obtaining effective judicial relief. This is a studied and proper response under federal case law. *See Ex Parte Young,* 209 U.S. 123, 155-56 (1908); *Littlejohn v. Rose*, 768 F.2d 765, 772

---

[1] Defendants' Objections are labeled as including Defendant Patricia Caruso, but it is clear that she does not object to the dismissal of claims against her.

(6th Cir. 1985). However, to show an official capacity claim, Plaintiff must show that there is a continuing violation affecting his constitutional rights. *See Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003). In this case, Plaintiff cannot make such a showing because FEMA has ceased mailing the course materials he wishes to receive. Therefore, the official capacity claim was properly dismissed. Plaintiff's second argument is that the District Court should revisit earlier rulings it made dismissing other claims. This argument does not relate to the content of the August 2, 2005 Report and the Court sees no good or compelling reason for revisiting past rulings. Plaintiff's third argument is that the Court should have exercised its authority to sanction Defendants for "intentionally misrepresent[ing] materials facts." In this respect, the Court does not believe that Defendants intentionally misrepresented facts, nor that any award of Rule 11 sanctions is appropriate. As such, Plaintiff's Objections are denied.

     Defendant Metrish's Objections concern two subjects. The first is that the Magistrate Judge misunderstood some of the historic facts relating to Metrish's decision denying FEMA correspondence course materials. This correction of the history is duly noted, but does not assist much in the analysis. Defendant Metrish did have authority to denying FEMA materials and did exercise her authority in this case. When she did, the exercise of authority to deny study materials relating to hazardous substance responses was clearly "reasonable" under *Turner v. Safley*, 482 U.S. 78 (1987) and, therefore, cannot provided a basis for personal liability. However, the denial of course materials pertaining to leadership is much more questionable. Although the prison officials have asserted that leadership materials can be used to help organize prison gangs, it is far from clear that this general proposition is true of FEMA leadership materials, which would not seem directed toward organizing criminal gangs. Also, such materials do have an apparent rehabilitative purpose

in terms of preparing inmates to exercise leadership in legitimate occupations. In terms of the burden on prison officials to screen documents, the factual record is insufficient to grant summary judgment on this issue.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff King E. Green's Objections (Dkt. No. 55) and Defendant Linda Metrish's Objections (Dkt. No. 56) are **DENIED**, the Report and Recommendation (Dkt. No. 54) is **ADOPTED**, Plaintiff's Motion for Summary Judgment (Dkt. No. 16) is **DENIED**, Defendants Metrish and Caruso's Motion for Partial Summary Judgment (Dkt. No. 28) is **GRANTED IN PART AND DENIED IN PART**, all claims are **DISMISSED** except for Plaintiff's First Amendment claims against Defendant Metrish related to the past denial of FEMA leadership materials, and Plaintiff's Motion for Sanctions (Dkt. NO. 49) is **DENIED**.

DATED in Kalamazoo, MI:
   August 22, 2005

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE