UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KING E. GREEN,

    Plaintiff,

                                  Case No. 2:04-cv-216
v.                                        HON. RICHARD ALAN ENSLEN

LINDA METRISH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff King E. Green, an inmate at the Riverside Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Patricia Caruso and Linda Metrish. The only remaining claim in this action is against defendant Metrish for an alleged First Amendment violation related to the past denial of Federal Emergency Management Agency (FEMA) leadership materials. Plaintiff has requested both monetary damages and equitable relief.

Presently before the Court is defendant Metrish's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that plaintiff's claims are moot because FEMA no longer mails out training materials and plaintiff has been transferred to a new prison facility. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

The court has acknowledged that FEMA has ceased mailing course materials. Order and Partial Judgment at 2, docket #59. Plaintiff acknowledges that FEMA course materials are no longer mailed, but notes that they are available through the internet. Plaintiff concedes that prisoners are not allowed to access the internet, but argues that the MDOC should provide requested materials or that the materials could be provided to plaintiff by a third party. Defendant has not addressed these arguments.

Plaintiff has been transferred to a new prison. However, plaintiff has requested monetary damages for past First Amendment violations and is still prohibited from receiving FEMA materials. In unreported opinions, the Sixth Circuit has repeatedly held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *See for example, Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20,

1989) (all attached); *see also Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only brief explanation of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988). *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

Although plaintiff is now at a new prison, he argues that he is still prohibited from receiving FEMA materials. Defendant asserts that FEMA no longer mails course materials because they are available on the internet. Prisoners do not have internet access. Plaintiff suggests that the MDOC provide the requested FEMA materials for prisoners or that a third party could provide the materials directly to plaintiff. Defendant has not addressed these possibilities in her motion. Moreover, plaintiff has requested monetary damages for defendant's action in denying past FEMA materials. Accordingly, this issue cannot be considered moot by either plaintiff's transfer to a new prison or by the new FEMA policy of only making course materials available on the internet.

Accordingly, it is recommended that defendant's motion to dismiss (docket #57) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

     /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 4, 2006