UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| KING E. GREEN, ) | |
|   ) | |
|   *Plaintiff*, ) | |
| v.  ) | No. 2:04-cv-216 |
|   ) | HON. R. ALLAN EDGAR |
| LINDA METRISH, et al., ) | |
|   ) | |
|   *Defendants*. ) | |

### AMENDED
### MEMORANDUM AND ORDER

This memorandum and order is hereby substituted for the order [Doc. #124] previously entered by the Court on August 23, 2006.

Plaintiff King E. Green, a prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 demanding monetary damages, and declaratory and injunctive relief. Plaintiff alleges a violation of his right to free speech protected by the First Amendment to the United States Constitution. At this juncture, the plaintiff's only remaining First Amendment claim is against defendant Linda Metrish solely in her individual capacity. Metrish is employed by MDOC as Warden of the Kinross Correctional Facility.

The Court ordered that discovery in this case be completed by December 8, 2005. [Doc. No. 61]. Three weeks after the close of discovery, plaintiff made a motion on December 29, 2005, pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to add Dennis Straub, Twyla S. Snow, Robert J. Mulvaney, and M. Olson as defendants in their individual capacities and official capacities as MDOC employees. [Doc. No. 100]. Defendant Metrish opposed the motion. [Doc. No.

1

114]. On July 7, 2006, Magistrate Judge Timothy P. Greeley entered an order denying the plaintiff's motion to amend the complaint. [Doc. No. 117].

Presently before the Court is the plaintiff's objection to the Magistrate Judge's order. [Doc. No. 123]. Plaintiff makes his objection under Fed. R. Civ. P. 72(a) and W.D. Mich. 72.3(a). Plaintiff moves the Court to set aside the Magistrate Judge's order and to grant the motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a).

After reviewing the record *de novo*, the Court concludes that the plaintiff's objection [Doc. No. 123] is without merit and it is **DENIED**. The Magistrate Judge's order [Doc. No. 117] is not clearly erroneous or contrary to law. For the reasons expressed by the Magistrate Judge and by defendant Metrish in her response [Doc. No. 114], the plaintiff's motion to amend the complaint has been properly denied.

In the exercise of its sound discretion, the Court may deny leave to amend a complaint under Fed. R. Civ. P. 15(a) if the proposed amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). A proposed amendment to a complaint is futile if it would not survive a motion to dismiss. *Miller v. Calhoun County, Michigan*, 408 F.3d 803, 817 (6th Cir. 2005); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980); *Brown v. Potter*, 2005 WL 2090904, * 1 (W.D. Mich. Aug. 20, 2005).

To take advantage of the liberal standard under Rule 15(a) of freely allowing amendments to complaints, plaintiff Green is required to act with due diligence. *Spadafore v. Gardner*, 330 F.3d

849, 853 (6th Cir. 2003); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). Based on the circumstances and procedural history in the instant case, the Court finds that plaintiff Green has not acted with due diligence in making his motion to amend the complaint. The plaintiff's motion to amend the complaint was untimely in that he waited until three weeks after the close of discovery to make the motion. Where a plaintiff makes a late motion to amend a complaint after discovery is closed to add new parties and new causes of action without an adequate explanation or persuasive reason to justify the delay, it is not an abuse of discretion for the Court to deny the motion to amend under Rule 15(a). *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). This Court finds that plaintiff Green has not presented an adequate explanation and persuasive reason to justify the delay in making his untimely motion to amend the complaint.

Moreover, if plaintiff were allowed to amend his complaint at this late stage in the litigation process, it would result in undue and excessive delay. The new parties would have to be served with process, a new round of pleadings and dispositive motions would follow, discovery would be reopened, and the trial postponed.

The Court also concludes that the plaintiff's proposed amendment to the complaint must be denied because it is futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In the proposed amended complaint, plaintiff Green seeks to bring suit against Dennis Straub, Twyla Snow, Robert Mulvaney, and M. Olson under 42 U.S.C. § 1983 in their official capacities as MDOC employees for monetary damages as well as injunctive and declaratory relief. Such an amendment to the complaint is futile and will not be permitted for the following reasons.

These four persons are employees and agents of MDOC and the State of Michigan. A suit against a state official in his or her official capacity is in effect a suit against the State of Michigan. Bringing a civil action against Dennis Straub, Twyla S. Snow, Robert J. Mulvaney, and M. Olson under 42 U.S.C. § 1983 in their official capacities as MDOC employees is no different from bringing suit directly against the State of Michigan and its agency, MDOC. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003); *Mumford v. Basinski*, 105 F.3d 264, 270 n. 8 (6th Cir. 1997); *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1198-99 (6th Cir. 1992); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989).

The Court has previously held in the case at bar that plaintiff Green cannot maintain a viable cause of action against defendant Metrish in her official capacity for injunctive and declaratory relief under 42 U.S.C. § 1983 because plaintiff cannot show a continuing violation of his First Amendment rights. [August 22, 2005, Order and Partial Judgment, Doc. No. 59, p. 2]. This is now the law of this case. The same rationale and legal analysis applies with equal force and effect to the plaintiff's proposed amended complaint which seeks to plead similar First Amendment claims seeking injunctive and declaratory relief against Dennis Straub, Twyla Snow, Robert Mulvaney, and M. Olson under 42 U.S.C. § 1983 in their official capacities as employees of MDOC and the State of Michigan.

The Court reiterates what it held on August 22, 2005, in the Order and Partial Judgment [Doc. No. 59, p. 2]. To maintain an official capacity claim for injunctive and declaratory relief cognizable under 42 U.S.C. § 1983, plaintiff Green is required to plead and be able to prove a

4

continuing violation of his First Amendment rights. *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Gean*, 330 F.3d at 776; *Bailey v. Montgomery*, 433 F. Supp.2d 806, 810-11 (E.D. Ky. 2006). This he fails to do. Plaintiff cannot make this essential showing of a continuing First Amendment violation because FEMA has ceased mailing the course materials he wishes to receive. The plaintiff's proposed amended complaint is based entirely upon alleged past acts and not continuing conduct. In sum, it is futile for plaintiff to amend his complaint to assert such claims demanding injunctive and declaratory relief under 42 U.S.C. § 1983 against defendant Metrish or any of the proposed defendants in their official capacities. If the Court were to allow plaintiff to amend his complaint to add these new claims for injunctive and declaratory relief against Dennis Straub, Twyla Snow, Robert Mulvaney, and M. Olson under 42 U.S.C. § 1983 in their official capacities, it would in effect allow plaintiff to ignore and circumvent the established law of this case, and to improperly resurrect or revive his official capacity claims against the State of Michigan for injunctive and declaratory relief that this Court has already analyzed and dismissed.

Furthermore, plaintiff Green cannot maintain a suit for monetary damages against the State of Michigan by suing MDOC employees in their official capacities under 42 U.S.C. § 1983. The State of Michigan and its employees/agents acting in their official capacities are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71; *Gean*, 330 F.3d at 766; *Moore v. McGinnis*, 182 F.3d 918 (Table, text in 1999 WL 486639, * 1 (6th Cir. June 28, 1999)); *Pusey*, 11 F.3d at 657-58; *Burnett v. Michigan Department of Corrections*, 2006 WL 1547248, * 2 (W.D. Mich. June 5, 2006).

The Eleventh Amendment to the United States Constitution also provides sovereign immunity and bars suits for monetary damages against the State of Michigan and its employees acting in their official capacities unless either: (1) the United States Congress expressly abrogates

Eleventh Amendment immunity by statute; or (2) Michigan gives its unequivocal consent to being sued and expressly waives sovereign immunity. *Pennhurst State Sch & Hosp. v. Halderman,* 465 U.S. 89, 98-101 (1984); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Johnson v. Unknown Irvine*, 79 Fed. Appx. 154, 155 (6th Cir. Oct. 24, 2003); *Nelson v. Miller,* 170 F.3d 641, 646 (6th Cir. 1999); *McGinnis*, 1999 WL 486639, at * 1; *Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994); *Secord v. Michigan Department of Corrections*, 2006 WL 2035301, * 2 (W.D. Mich. July 18, 2006); *Burnett*, 2006 WL 1547248, at * 2; *Henderson v. Michigan Department of Corrections*, 2006 WL 958743, * 1 (W.D. Mich. April 10, 2006); *Webb v. Caruso*, 2006 WL 416261, * 3 (W.D. Mich. Feb. 22, 2006).

Congress has not abrogated Eleventh Amendment immunity for the States in civil actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979); *Hutsell v. Sayre,* 5 F.3d 996, 999 (6th Cir. 1993); *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990); *Secord*, 2006 WL 2035301, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3. The State of Michigan has not waived its sovereign immunity from suit under the Eleventh Amendment in cases brought under 42 U.S.C. § 1983. The State of Michigan has not consented to being sued by plaintiff King Green in federal district courts under 42 U.S.C. § 1983 on his federal civil rights claims. *Johnson*, 357 F.3d at 545; *Hill v. Michigan*, 62 Fed. Appx. 114, 115 (6th Cir. May 2, 2003); *McGinnis*,1999 WL 486639, at * 1; *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *Secord*, 2006 WL 2035301, at * 2; *Burnett*, 2006 WL 1547248, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

Accordingly, the plaintiff's objection to the Magistrate Judge's order [Doc. No. 123] is **DENIED**. The Magistrate Judge's order [Doc. No. 117] is not clearly erroneous or contrary to law.

The plaintiff's motion for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a) [Doc. No. 95] has been properly denied.

SO ORDERED.

Dated: August 29, 2006.

                                              /s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE